PAUL R. KIESEL (SBN 119854)
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Telephone: 310/854.4444
310/854.0812 (fax)

HORWITZ, HORWITZ & PARADIS
Attorneys at Law
PAUL O. PARADIS
28 West 44th Street, 16th Floor
New York, NY 10036
Telephone: 212/404-2200
212/404-2226 (fax)

Lead Counsel For Lead Plaintiff The Rodriguez Group

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOUIS GRASSO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VITESSE SEMICONDUCTOR CORPORATION, DR. VINCENT CHAN, PH.D., JAMES A. COLE, ALEX DALY, MOSHE GAVRIELOV, JOHN C. LEWIS, DR. LOUIS TOMASETTA, PH.D., YATIN MODY, EUGENE F. HOVANEC and EDWARD ROGAS, JR.,<br><br>Defendants. | No. CV 06-02639 R (CTx)<br><br><u>CLASS ACTION</u><br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE OF DEFENDANTS VITESSE SEMICONDUCTOR CORPORATION, DR. VINCENT CHAN, PH.D., JAMES A. COLE, ALEX DALY, MOSHE GAVRIELOV, JOHN C. LEWIS, DR. LOUIS TOMASETTA, PH.D., YATIN MODY, EUGENE F. HOVANEC AND EDWARD ROGAS, JR. |

This matter came before the Court for hearing pursuant to the Order of this Court, dated January 7, 2008, on the application of the Settling Parties for approval of the settlement set forth in the Amended Stipulation of Settlement dated as of October 5, 2007 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed about the settlement and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. With respect to the capitalized terms set forth herein, the Court, for purposes of this Final Judgment and Order of Dismissal with Prejudice of Defendants Vitesse Semiconductor Corporation, Dr. Vincent Chan, James A. Cole, Alex Daly, Moshe Gavrielov, John C. Lewis, Dr. Louis Tomasetta, Yatin Mody, Eugene F. Hovanec, and Edward Rogas, Jr., adopts the definitions set forth in the Stipulation.

2. Any term used herein and not defined should be construed consistent with the definitions set forth in Section IV of the Stipulation.

3. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

4. The Court finally certifies, for settlement purposes only, a Class of all Persons who purchased Vitesse Semiconductor Corporation common stock between January 27, 2003 and April 27, 2006. Excluded from the Class are the Company, the officers and directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns, and any entity in which the Company has a controlling interest or of which the Company is a parent or subsidiary.

5. With respect to the Class, this Court finds that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and Lead Counsel have fairly

1  and adequately represented and protected the interests of the Class Members; and (e) a
2  class action is superior to other available methods for the fair and efficient
3  adjudication of the controversy, considering: (i) the interests of the Members of the
4  Class in individually controlling the prosecution of the separate actions, (ii) the extent
5  and nature of any litigation concerning the controversy already commenced by
6  Members of the Class, (iii) the desirability or undesirability of concentrating the
7  litigation of these claims in this particular forum, and (iv) the difficulties likely to be
8  encountered in the management of the class action.

9      6.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby
10 approves the settlement set forth in the Stipulation and finds that said settlement is, in
11 all respects, fair, just, reasonable and adequate to, and in the best interests of, the Lead
12 Plaintiff, the Class and each of the Class Members.

13     7.    Except as to any individual claim of those Persons (identified in Exhibit 1
14 hereto) who have validly and timely requested exclusion from the Class, the Litigation
15 and all claims contained therein, as well as all of the Released Claims, are dismissed
16 with prejudice as to the Lead Plaintiffs and the other Members of the Class, as against
17 each and all of the Released Persons. The Litigation is not dismissed as to the Non-
18 Settling Defendants. The Settling Parties are to bear their own costs, except as
19 otherwise provided in the Stipulation.

20     8.    The Court finds that the Stipulation and settlement are fair, just,
21 reasonable and adequate as to each of the Members of the Class, and that the
22 Stipulation and settlement are hereby finally approved in all respects, and the Settling
23 Parties are hereby directed to perform its terms.

24     9.    By operation of this Judgment and upon the occurrence of the Effective
25 Date, the Lead Plaintiffs shall have, and each of the Class Members shall be deemed
26 to have, and by operation of the Judgment shall have, fully, finally, and forever
27 released, relinquished and discharged all Released Claims against the Released
28

1 Persons, whether or not such Class Member executes and delivers the Proof of Claim
2 and Release.

3     10. All Class Members are hereby forever barred and enjoined from
4 prosecuting any and all of the Released Claims against any and all of the Released
5 Persons.

6     11. By operation of this Judgment and upon the occurrence of the Effective
7 Date, each of the Defendants shall be deemed to have, and by operation of this
8 Judgment shall have, fully, finally, and forever released, relinquished and discharged
9 each and all of the Class Members, Lead Plaintiff, Lead Counsel and Plaintiffs'
10 Counsel from all claims (including Unknown Claims), arising out of, relating to, or in
11 connection with the institution, prosecution, assertion, settlement or resolution of the
12 Litigation or the Released Claims.

13     12. The Notice of Pendency and Proposed Settlement of Class Action given
14 to the Class was the best notice practicable under the circumstances, including the
15 individual notice to all Members of the Class who could be identified through
16 reasonable effort. Said notice provided the best notice practicable under the
17 circumstances of those proceedings and of the matters set forth therein, including the
18 proposed settlement set forth in the Stipulation, to all Persons entitled to such notice,
19 and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23
20 and the requirements of due process.

21     13. Any Plan of Allocation submitted by Lead Counsel or any order entered
22 regarding any attorneys' fee and expense application shall in no way disturb or affect
23 this Final Judgment and shall be considered separate from this Final Judgment.

24     14. Neither the Stipulation, nor any of its terms, provisions or Exhibits, nor
25 the settlement contained therein, nor any act performed or document executed
26 pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be
27 deemed to be or may be used as an admission of, or evidence of, the validity of any
28 Released Claim, or of any wrongdoing or liability of the Released Persons, or (b) is or

may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

16. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. In accordance with §21D(f)(7) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(f)(7), each of the Released Persons, by virtue of this Judgment, is discharged from all claims for contribution brought by any Person, including the Non-Settling Defendants. This Judgment and bar order constitutes the final discharge of all obligations to the Lead Plaintiff and Class of the Released Persons arising out of the Litigation. This Judgment shall bar all future claims for contribution arising out of the Litigation by any Person, including the Non-Settling Defendants, against the Released Persons; and by the Released Persons against any Person.

18. The shares of common stock of Vitesse delivered by Vitesse pursuant to the terms of the Settlement set forth in the Stipulation (the "Shares") are being issued

by Vitesse in exchange for the Released Claims. This Court has held a hearing on the fairness of the Settlement set forth in the Stipulation, including the terms and conditions of the issuance of the Shares, after due and adequate notice having been given of such Settlement, including the terms and conditions of the issuance of the Shares. This Court hereby approves the terms and conditions of the issuance of the Shares and finds that the conditions for the exemption under 15 U.S.C. §77c(a)(10) have been met and the Shares are exempt from the provisions of 15 U.S.C. §§77a *et seq.*

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Stipulation terminates according to its provisions, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, or this Judgment does not become Final, then this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. The Court directs entry of final judgment as to all claims against Defendants Vitesse Semiconductor Corporation, Dr. Vincent Chan, James A. Cole, Alex Daly, Moshe Gavrielov, John C. Lewis, Dr. Louis Tomasetta, Yatin Mody, Eugene F. Hovanec, and Edward Rogas, Jr. based upon the Court's determination that there is no just reason for delay for the entry of such judgment.

IT IS SO ORDERED.

DATED: April 7, 2008

THE HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

## VITESSE SECURITIES LITIGATION
## TIMELY REQUESTS FOR EXCLUSION

The following table lists 21 timely requests for exclusion postmarked on or before February 25, 2008, and 2 late requests, the reasons for which are described in the last column. The categories below are pursuant to Section VII of the Notice.

| NAME, ADDRESS & PHONE | SHARES PURCHASED WITH DATES & PRICES | SHARES SOLD WITH DATES & PRICES | STATEMENT REQUESTING EXCLUSION |
|---|---|---|---|
| Cenith M. Belken<br>c/o CH2M Hill Intn'l.<br>9191 S. Jamaica Street<br>Engelwood, CO 80112<br>Phone: +94-773-444-536 | 1/28/03 - 500 @ 2.26/sh<br>1/28/03 - 200 @ 2.26/sh<br>1/28/03 - 300 @ 2.26/sh<br>3/4/03 - 200 @ 2.19/sh | 4/11/06 - 360 @ 3.0200/sh | ✓ |
| Cenith Maria Belken &<br>Loren Douglas Belken JTTEN<br>c/o CH2M Hill Intn'l.<br>9191 S. Jamaica Street<br>Engelwood, CO 80112<br>Phone: +94-773-444-536 | 4/23/03 - 1,000 @ 2.39/sh<br>8/24/04 - 2,000 @ 2.60/sh | 3/8/06 - 470 @ 3.30/sh | ✓ |
| Cenith Maria Belken, Cust.<br>for Rylee Anna Robertson<br>c/o CH2M Hill Intn'l.<br>9191 S. Jamaica Street<br>Engelwood, CO 80112<br>Phone: +94-773-444-536 | 3/4/03 - 100 @ 2.199/sh | None sold | ✓ |
| Berry Living Trust<br>Willard M. Berry & Marcia A. Berry, Trustees<br>12010 N. Stinson Drive<br>Hayden, ID 83835<br>Phone: 208-762-9356 | 1/28/00 - 138.29 @ 43.13/sh | 11/15/05 - 138.29 @ 1.75/sh | ✓ |
| Peter Cattalo<br>33 Phyllis Drive<br>Newark, DE 19711<br>Phone: 302-738-5308 | 2/10/06 - 100 @ 3.18/sh | 3/14/06 - 100 @ 3.28/sh | ✓ |
| H. Truman Cowart<br>2345 Springdale Drive<br>Snellville, GA 30078<br>Phone: 770-972-4909 | 9/25/03 - 4,800 @ 7.11/sh | 1/20/04 - 4,800 @ 8.78/sh | ✓ |

2

| NAME, ADDRESS & PHONE | SHARES PURCHASED WITH DATES & PRICES | SHARES SOLD WITH DATES & PRICES | STATEMENT REQUESTING EXCLUSION |
|---|---|---|---|
| Huong Diep<br>111 Rosemont Drive<br>Scarborough, Ontario<br>Canada M1K 2X5<br>Phone: 416-285-0711 | 5/11/04 - 1,000 @ 4.86/sh | 5/21/04 - 500 @ 4.97/sh<br>5/21/04 - 500 @ 4.99/sh | ✓ |
| Dixon Property Trust<br>Dorothy R. Dixon, Trustee<br>1098 Manila Drive<br>Seneca, SC 29672<br>Phone: 864-882-1423 | 3/11/05 - 1,000 @ 3.00/sh<br>5/17/06 - 1,000 @ 1.38/sh | 3/16/05 - 1,000 @ 3.60/sh<br>6/2/06 - 1,000 @ 1.70/sh | ✓ |
| Rabih A. Harmoush<br>2807 Dumbarton Road<br>Richmond, VA 23228<br>Phone: 804-515-0404 | 1,500 shs - No other information given | No information given | ✓ |
| Alvin A. Hepner<br>27989 E. State Road<br>Kewanee, IL 61443<br>Phone: 309-853-5052 | 1/6/04 - 1,200 @ 6.40/sh | 1/9/04 - 1,200 @ 6.95/sh | ✓ |
| Warren E. Hovren<br>After October 31st<br>8470 N. Coral Ridge Loop<br>Tucson, AZ 85704<br>Phone: 520-797-7631<br>After April 30th<br>430 6th Avenue South<br>Glenwood, MN 56334<br>Phone: 320-634-3104 | 12/3/04 - 500 @ 3.72/sh | 7/13/07 - 500 @ 1.18/sh | ✓ |
| Carolyn Huntington<br>2742 E. Main, Lot 118<br>East Troy, WI 53120<br>Phone: 262-642-4311 | 3/06 - 100 @ 3.55/sh | 4/26/06 - 100 @ 2.41/sh | ✓ |
| James Spencer Lane<br>Yew Tree House, Maerway La.<br>Blackbrook, Newcastle<br>Staffordshire ST5 5EN<br>United Kingdom<br>Phone: 004-416-306-47524 | 3/8/04 - 5,000 @ 8.08/sh | 7/2/04 - 5,000 @ 4.50/sh | ✓ |
| Emil Marzano<br>15A Court F<br>Bricktown, NJ 08724<br>Phone: 732-840-9652 | 2/9/06 - 800 @ 3.37/sh | 4/6/06 - 800 @ 3.56/sh | ✓ |

3

| NAME, ADDRESS & PHONE | SHARES PURCHASED WITH DATES & PRICES | SHARES SOLD WITH DATES & PRICES | STATEMENT REQUESTING EXCLUSION |
|---|---|---|---|
| Russell Nygard<br>400 Courthouse Drive<br>Morrisville, NC 27560<br>Phone: 919-264-0407 | 300 shares - No other information given | No information given | ✓ |
| Klaus Oetting<br>Grolandstrasse 21<br>Nuernberg D-90408<br>Germany<br>Phone: +49 (9 11) 3 66 68 73 | 10/10/03 - 5,000 @ 7.58/sh<br>10/13/03 - 5,000 @ 7.73/sh<br>10/21/03 - 1,500 @ 7.13/sh<br>11/6/03 - 2,000 @ 7.55/sh | 10/15/03 - 8,500 @ 7.91/sh<br>11/21/03 - 2,500 @ 6.71/sh<br>12/17/03 - 2,500 @ 5.78/sh | ✓ |
| Ronald L. Paxson &<br>Sharon E. Paxson<br>8330 Tiaga Trail<br>Colorado Springs, CO 80919<br>Phone: 719-522-1844 | 2/9/06 - 150 @ 3.17/sh | 3/1/06 - 150 @ 3.22/sh | ✓<br>States that Notice was received on 2/25/08 |
| Rocky Lynn Valentine<br>757 Enloe Road<br>Howe, TX 75459-4686<br>Phone: 903-532-9615 | 3/28/05 - 1,000 @ $2.75/sh | 7/20/05 - 1,000 @ $2.59/sh | ✓<br>States that Notice was received on 3/1/08 |
| Raymond T. Williams<br>1432 Meadow Lane<br>Darien, GA 31305<br>Phone: 912-437-3856 | 1/27/06 - 100 @ 2.81/sh | 1/18/07 - 100 @ 0.935/sh | ✓ |
| Susan S. Williams<br>1432 Meadow Lane<br>Darien, GA 31305<br>Phone: 912-437-3856 | 1/31/06 - 50 @ 2.75/sh | 1/18/07 - 50 @ 0.935/sh | ✓ |
| Caleb Winsett<br>33140 David Drive<br>Shawnee, OK 74804<br>Phone: 405-308-5813 | 4/17/06 - 22 @ 3.23/sh | 4/27/06 - 22 @ 1.93/sh | ✓ |
| Frances Yee<br>832 Southgate Avenue<br>Daly City, CA 94015<br>Phone: 415-513-8465 | 7/27/04 - 1,600 @ 2.45/sh<br>2/7/06 - 3,200 @ 2.80/sh | No information given | ✓ |
| Ken Zultak<br>32600 Concord Dr., Apt. 101<br>Madison Heights, MI 48071<br>Phone: 248-597-0094 | 10/4/05 - 800 @ 1.77/sh | 12/5/05 - 400 @ 2.35/sh<br>1/30/06 - 400 @ 2.64/sh | ✓ |